### Robert Harkness v. Alfred P. Toulmin.

*Vessel mortgage: Negligence: Estoppel.*    The holder of a vessel mortgage, who takes no steps to assert his lien for more than seven years after the debt comes due, although the vessel has changed hands two or three times; treats the mortgage in the meantime as worthless; does not renew it; ceases to insure the vessel; and permits a sale by the mortgagor to innocent purchasers who have no notice of his lien, without setting up any claim, although the sale comes to his knowledge before the purchase money is paid, is guilty of such culpable negligence as to deprive himself of all right to foreclose his mortgage.

*Heard April 20.    Decided April 30.*

Appeal in Chancery from Wayne Circuit.

*Trowbridge & Atkinson,* for complainant.

*Dickinson & Dickinson,* for defendant.

COOLEY, J.

This is a bill to stay the sale of the propeller Sea Gull on a chattel mortgage, and to have the mortgage decreed to be satisfied. The mortgage bears date October 24, 1862, and was given by Robert J. Gordon, the builder of the vessel, to defendant. Gordon sold the vessel to Samuel Whitely in 1866; and Whitely in the year following sold to complainant and one Baby. The latter sold out to complainant in 1868.

The sum nominally secured by the mortgage was two thousand dollars, but it is not pretended that Gordon was owing any such sum to complainant at its date. Gordon says he owed him but six hundred dollars; that the mortgage was to have been and should have been given for that sum, and that it has been fully paid. Defendant, on the other hand, claims that the mortgage was given to secure not only the sum owing him, but also a further sum to J. C. Clark, whose general agent he was, and who is now deceased. Considerable evidence was given both as to the original purpose of the mortgage, and also as to the fact of payment; but we do not find it necessary to pass upon either.

The Sea Gull was first enrolled in the district of Detroit, where the chattel mortgage was duly recorded. Afterwards, when the district of Port Huron was established, as Gordon's residence was within it, she was duly enrolled there, but there was no second recording of the mortgage. When Whitely bought, he searched for mortgages in the office of the collector of customs for Port Huron, and found none; and neither he, Baby, or complainant, had actual knowledge of the mortgage when they respectively purchased. The defendant, however, contends that they had constructive notice through the record at Detroit.

25 MICH.—11.

We shall express no opinion as to the sufficiency of this record as constructive notice under the circumstances, because we think there are facts established which should estop the defendant from insisting upon this mortgage as a valid security.

Gordon unquestionably paid defendant six hundred dollars on the mortgage, and from the time of that payment probably,—though the time is not fixed very accurately,— defendant seems to have treated the mortgage as of no value. He says he concluded it was worthless, and did not renew it. The reason for this is not so satisfactorily shown as the fact itself; but it is not very important. He ceased to insure, and he apparently gave himself no further concern about the vessel. The purchase by Whitely, and that afterwards by complainant and Baby, came to his knowledge, but neither he nor Clark set up any claim; though Whitely's purchase was made known to him within a day or two after it was made, and before the purchase money was paid. He took no steps whatever in assertion of any lien on the vessel until February, 1871, more than seven years after the debt was to be paid by the terms of the mortgage. During all this time Gordon and those claiming through his conveyance, had been allowed to hold themselves out to the world as absolute owners, and the vessel· had been bought and sold in good faith on that supposition.

Admitting defendant to have had a valid lien, these facts show such a culpable negligence on his part in not asserting his rights when he saw others dealing with the property as if no such rights existed, that we think he cannot in good conscience now be allowed to assert them. He has been silent when he should have spoken, and now he cannot complain if the court assumes the facts to have been in accordance with the apparent indications of his con-

duct. He thought he had no valid lien, and led others to think the same; and if he was in error in this, it is not right that the consequences should be visited upon innocent parties.

The conclusion of the circuit judge appears to us to be correct, and his decree must be affirmed with costs.

CHRISTIANCY, CH. J., and CAMPBELL, J., concurred.

GRAVES, J., did not sit in this case.